```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
------------------------------x
                              :
DONALD WANZER, et al.         :    Civ. No. 3:15CV00016(AWT)
                              :
v.                            :
                              :
TOWN OF PLAINVILLE, et al.    :
                              :    March 30, 2016
------------------------------x
```

## ORDER ON MOTION TO COMPEL

Plaintiffs Donald Wanzer, Jennifer Wanzer and Robin Mittasch, Trustee of The Companion Animal Trust for the Benefit of Luca, Individually and Ex Rel "Luca," a dog, and on behalf of all others similarly situated, (hereinafter collectively referred to as "plaintiffs") commenced this putative class action on January 6, 2015, seeking declaratory and injunctive relief and damages arising under 42 U.S.C. §1983, alleging violations of plaintiffs' rights to due process and guarantee against unreasonable search and seizure under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and the Connecticut State Constitution. [Doc. #36]. Plaintiffs filed a Second Amended Complaint on January 20, 2016, adding claims challenging the constitutionality of the Connecticut Administrative Procedures Act, Conn. Gen. Stat. §22-358. [Doc. #90]. The Second Amended Complaint names as additional defendants the State of Connecticut; the Connecticut Department of Agriculture; Steven K. Reviczky, Commissioner of

1

the Connecticut Department of Agriculture, individually and in his official capacity; and Doe Defendants one through ten (hereinafter collectively referred to as the "State defendants"). Id.

On June 17, 2015, plaintiffs issued two subpoenas to Commissioner Reviczky, who at the time was not a party to this action, seeking documents related to thirty-three statutory administrative appeals and hearings of 'disposal orders' that were subject to Conn. Gen. Stat. §22-358. On July 28, 2015, after motion practice and the issuance of court orders,[1] the Commissioner provided plaintiffs with approximately 9,131 pages of responsive documents. [Doc. #53; #54 at 1-3]. The Commissioner represented that there were no privileged documents associated with the production responsive to Subpoena 1. [Doc. #54 at 2].

In regards to Subpoena 2, the Commissioner contended that a number of the records sought were privileged, and supplied a privilege log. [Doc. #53]. Plaintiffs estimate that there are 1,328 pages of documents listed on the Commissioner's privilege log. [Doc. #54 at 6]. On August 10, 2015, this Court held a status conference to address the remaining issues in dispute.

---

[1] Following two motions to quash filed by the Commissioner, a status conference was held on July 1, 2015, and oral argument was held on July 7, 2015. [Doc. ##42, 49]. Additional orders entered at the conclusion of oral argument. [Doc. #49].

[Doc. ##58, 59]. At the conclusion of the conference, the undersigned requested briefing on the application of the attorney-client privilege and the deliberative process privilege.[2] [Doc. #55]. Plaintiffs challenge the assertions of privilege, and seek an order compelling the State defendants to either produce the documents at issue, or submit the records for an in camera review. [Doc. #63, #70 at 10].

For the reasons set forth below, the Court **GRANTS** plaintiffs' motion, in part.

## DISCUSSION

I.  Attorney-Client Privilege

The State defendants assert that many of the documents sought by plaintiffs in response to Subpoena 2 are protected by the attorney-client privilege. Specifically, they claim privilege as to emails they contend are communications concerning legal advice between a State attorney and a client agency employee in connection with a disposal order appeal. [Doc. #66 at 7]. They further argue that there is no legal justification to pierce this privilege. [Doc. #66 at 4, 7]. Additionally, the State defendants maintain that the privilege log for these records is in compliance with Rules 26 and

---

[2] Plaintiffs filed a memorandum/motion to compel on August 24, 2015. [Doc. #63]. The State defendants filed a response on September 8, 2015. [Doc. #66]. Plaintiffs filed a reply on September 23, 2015. [Doc. 70].

45(e)(2) of the Federal Rules of Civil Procedure, and that it contains sufficient information to assess the nature of each document. Id. at 6. Plaintiffs argue that the communications claimed to be privileged do not regard legal advice or strategy, but rather "constitute the practice and procedure used by the Department in carrying out their obligations under the law." [Doc. #63 at 3]. Further, plaintiffs contend that the privilege log is deficient, in that it provides insufficient information to evaluate whether the claimed privileges apply. [Doc. #63 at 3; Doc. #70 at 3].

"A party invoking the attorney-client privilege must show (1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice." In re County of Erie, 473 F.3d 413, 419 (2d Cir. 2007). While many communications are privileged, the underlying facts of a confidential communication are not. Id.; see also Upjohn Co. v. U.S., 449 U.S. 383, 395 (1981); In re Six Grand Jury Witnesses, 979 F.2d. 939, 944 (1992); U.S. v. Cunningham, 672 F.2d 1064, 1073 (2d. Cir. 1982). In determining whether the privilege applies, the Court must "consider whether the predominant purpose of the communication is to render or solicit legal advice." In re County of Erie, 473 F.3d at 420.

4

"[T]he burden of establishing the existence of the [attorney-client] relationship rests on the claimant of the privilege against disclosure. That burden is not, of course, discharged by mere conclusory or ipse dixit assertions, for any such rule would foreclose meaningful inquiry into the existence of the relationship, and any spurious claims could never be exposed." In re Bonanno, 344 F.2d 830, 833 (2d. Cir. 1965)(citation omitted, alterations added). Thus, "the proponent of the privilege must establish not merely the privileged relationship, but all essential elements of the privilege." Martin v. Valley Nat. Bank of Arizona, 140 F.R.D. 291, 302 (S.D.N.Y. 1991). However, once established, "[u]nlike the deliberative privilege or the work-product rule, the attorney-client privilege in its federally recognized form cannot be overcome simply by a showing of need." Id. at 306 (citing Upjohn Co., 449 U.S. at 396).

Both Rule 26 of the Federal Rules of Civil Procedure and Rule 26 of the District of Connecticut Local Rules of Civil Procedure govern privilege log requirements. The federal rule requires that the party claiming privilege must "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed — and do so in a manner that, without revealing information itself

privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5).

Local Rule 26 states:

> (e) **Privilege Log.** In accordance with Fed. R. Civ. P. 26(b), when a claim of privilege or work product protection is asserted in response to a discovery request for documents or electronically stored information, the party asserting the privilege or protection shall provide the following information in the form of a privilege log.
>
> (1) The type of document or electronically stored information;
> (2) The general subject matter of the document or electronically stored information;
> (3) The date of the document or electronically stored information;
> (4) The author of the document or electronically stored information; and
> (5) Each recipient of the document or electronically stored information.
>
> This rule shall apply only to requests for documents or electronically stored information.
>
> If the information called for by one or more of the foregoing categories is itself privileged, it need not be disclosed. However, the existence of the document and any non-privileged information called for by the other categories must be disclosed.

D. Conn. L. R. Civ. P. 26(e).

The party asserting the privilege must provide sufficient detail in a privilege log to allow for a meaningful review of the privilege asserted. Bolorin v. Borrino, 248 F.R.D. 93, 95 (D. Conn. 2008). A privilege log is "adequately detailed if, as to each document, it sets forth specific facts that, if credited, would suffice to establish each element of the

privilege or immunity." Safeco Ins. Co. of Am. v. M.E.S., Inc., 289 F.R.D. 41, 47 (E.D.N.Y. 2011)(quotation marks omitted). Thus, logs are routinely found to be deficient when the details provided do not allow for a purposeful review of the claimed privilege. See, e.g., Bolorin 248 F.R.D. at 95 ("The privilege log tells the court that the defendants communicated with individuals ... regarding the case, but the court cannot determine from the record before it whether these were confidential communications between an attorney and client made in confidence for the purpose of providing legal advice."); Favors v. Cuomo, 285 F.R.D. 187, 223-24 (E.D.N.Y. 2012)(requiring a privilege log to provide, among other things, non-privileged subject lines, copyee(s), file names, and attachment descriptions of emails); United States v. Constr. Products Research, Inc., 73 F.3d 464, 473-74 (2d Cir. 1996) (finding a log deficient where it generally alleged attorney-client communications without giving more information to support the claim, such as a specific explanation of why the document is privileged).

    The State defendants' privilege log does not provide sufficient information for this Court to determine whether the emails and attachments claimed to be protected under the attorney-client privilege are indeed communications between client and counsel, for the purpose of soliciting or rendering

7

legal advice, intended to be and in fact kept confidential. While the log indicates when an author or recipient of an email is an attorney, it does not relate the role or title of the other individual(s) named, nor does it provide any information regarding the contents of the email beyond the name of the appeal that the email and its attachment reportedly relate to. Without some indication that these documents contain legal advice or requests therefor, and without documentation with respect to the contents of the attachments, the Court cannot review the assertion of privilege. Accordingly, **on or before April 20, 2016,** the State defendants shall file a revised privilege log with details sufficient to provide a meaningful review of claimed attorney-client privilege.

## II. Deliberative Process Privilege

The State defendants also claim that a number of the records sought by plaintiffs under Subpoena 2 are subject to the deliberative process privilege. [Doc. #66 at 9]. The State defendants argue that the documents at issue contain "pre-decisional adjudicatory-related information" connected to administrative appeals and hearings, and therefore fall within the deliberative process privilege. Id. at 11. Additionally, the State defendants assert that a piercing of the privilege is not warranted in this case. [Doc. #66 at 11-12, 16]. Plaintiffs argue that the privilege does not apply, as the decision-making

process is itself at issue in this case. [Doc. #70 at 9]. Plaintiffs further contend that the privilege does not attach to these records because policy is applied, not formed, in the administrative hearings. [Doc. #63 at 10]. Plaintiffs maintain that the privilege log is deficient in regards to the deliberative process privilege, and that an in camera review of the documents at issue should be granted. [Doc. #70 at 10].

The deliberative process privilege protects "advisory opinions, recommendations and deliberations comprising part of a process by which decisions and policies are formulated." N.L.R.B. v. Sears Roebuck & Co., 421 U.S. 132, 150 (1975)(quoting Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena, 40 F.R.D. 318, 324 (D.D.C. 1996), aff'd sub nom. V.E.B. Carl Zeiss, Jena v. Clark, 384 F.2d 979 (D.C. Cir. 1967)).

To qualify for protection under the deliberative process privilege, a document must be pre-decisional and deliberative. Hopkins v. U.S. Dep't of Hous. & Urban Dev., 929 F.2d 81, 84 (2d Cir. 1991). "[T]he pre-decisional privilege is limited and, for example, would not include 'purely factual material,' even if such material is contained in 'deliberative memoranda.'" Mobil Oil Corp. v. Dep't of Energy, 520 F. Supp. 414, 416 (N.D.N.Y. 1981)(quoting Envtl. Prot. Agency v. Mink, 410 U.S. 73, 87-88 (1973)). "[T]he privilege does not protect a document which is merely peripheral to actual policy formation; the record must

9

bear on the formulation or exercise of policy-oriented judgment." Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473 (2d Cir. 1999)(quotation marks omitted). Administrative pre-decisional notes, documents and communications may, in certain circumstances, be protected under the deliberative process privilege. Zinker v. Doty, 637 F. Supp. 138 (D. Conn. 1986).

A party asserting the deliberative process privilege must indicate how the records withheld are privileged. Thus, as with the attorney-client privilege, a log must contain sufficient information to assess the privilege claimed.

> [T]he adequacy of a privilege log — whether categorical or document-by-document — must be measured with respect to the privilege asserted. As applied to the deliberative process privilege, this requires that the log contain sufficient information such that the reviewing party can make an intelligent determination as to whether the withheld documents are 'predecisional' and 'deliberative.' Thus, a log of documents withheld on the basis of the deliberative process privilege should provide various pieces of information, including, but not limited to, a description of the decision to which the documents relate, the date of the decision, the subject-matter of the documents in issue, the nature of the opinions and analyses offered, the date that documents were generated, the roles of the agency employees who authored or received the withheld documents and the number of employees among whom the documents were circulated. These sort of details, while not exhaustive, would provide the receiving party with sufficient facts to assess whether the documents were related to the process by which policies are formulated.

Auto. Club of New York, Inc. v. Port Auth. of New York & New Jersey, 297 F.R.D. 55, 60 (S.D.N.Y. 2013) (citations and quotation marks omitted).

As the deliberative process privilege is qualified, rather than absolute, a court may still require disclosure of records protected by the privilege. Mobil Oil Corp., 520 F. Supp. at 417. There are a number of factors that a court will evaluate in weighing the competing interests for and against disclosure, such as: "(i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the seriousness of the litigation and the issues involved; (iv) the role of the government in the litigation; and (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable." In re Franklin Nat'l. Bank Sec. Litig., 478 F. Supp. 577, 583 (E.D.N.Y. 1979)(citations and quotation marks omitted). "This balancing process is generally conducted by the court following an in camera inspection of the relevant documents." Zinker, 637 F. Supp. at 141 (citing In re Franklin Nat'l. Bank Sec. Litig., 478 F. Supp. at 582-83).

The Court finds that the State defendants' privilege log is deficient as it pertains to claims of deliberative process privilege. While the log supplies the names of the author and recipient(s) of each document, along with the 'general subject,'

11

it does not provide facts sufficient to permit the reviewing party to assess whether the document is indeed "related to the process by which policies are formed." Auto. Club of New York, Inc., 297 F.R.D. at 60; see also Chevron Corp. v. Donzinger, No. 11CV0691(LAK)(JCF), 2013 WL 4045326, *3 (S.D.N.Y. Aug. 9, 2013).

Further, the privilege log fails to provide the title or role of many of the authors or recipients of materials as to which privilege is claimed. "An author or recipient's role is relevant because it is more likely that a relatively senior-level employee, as opposed to a more junior staffer, would be offering opinions and analyses to assist the agency official responsible for the formulation of significant public policy — the very process that the privilege protects." Auto. Club of New York, Inc., 297 F.R.D. at 63 (collecting cases). Also of consequence is the relationship between the authors and recipients of each document, as "[t]he universe of employees that were privy to the documents informs the evaluation of whether these individuals are involved in 'the process by which policies are formulated.'" Id. (quoting Grand Cent. P'ship, Inc., 166 F.3d at 482).

Accordingly, the State defendants shall supplement the privilege log for the documents claimed to be protected under the deliberative process privilege, **on or before April 20, 2016.** The State defendants shall supply sufficient detail for each

12

entry to allow the reviewer to determine whether the records are indeed protected by the deliberative process privilege. The additional detail provided shall include, without limitation: The roles and/or titles of the recipients and authors of each document; the decision that each record relates to; and the nature of the opinion or analyses offered. See Auto. Club of New York, Inc., 297 F.R.D. at 60.

To further assist the Court in conducting a complete review, **on or before April 20, 2016,** the State defendants shall provide a sampling of the records claimed to be privileged in the log for in camera review. Specifically, the Court requests any and all records identified in Doc. #53 that relate to the following six matters: Nino, Rosco, Miller, Speer, Wanzer, and Avery. Said documents should be filed under seal, on the record, and a hard copy shall also be provided to Chambers by mail or hand delivery.

Finally, **on or before April 20, 2016,** plaintiffs and the State defendants shall submit supplemental briefs **solely** to address whether there are any substantive changes to their prior arguments resulting from the addition of the State defendants as parties to this lawsuit and from the newly added claims alleged in the Second Amended Complaint. The briefs **shall not exceed five pages in length** and shall not address any other matters.

This is not a Recommended Ruling. This is an order regarding discovery and case management which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

SO ORDERED at New Haven, Connecticut this 30th day of March 2016.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE
